In the matter of the probate of the last will and testament of
THOMAS W. BRACHER.

[Filed December 26th, 1899.]

A citation will issue, at the instance of an executrix, to an attorney
having the custody of a will, to produce it for the purpose of its probate,
although he claims a lien on it for services.

On a petition for citations to all persons interested in the
probate of the will of Thomas W. Bracher, and for a citation to
Franklin M. Olds to produce such will and leave the same with
the registrar of this court.

*Mr. Chauncey G. Parker,* proctor for the petitioner.

*Mr. Robert H. McCarter,* proctor for the respondents.

THE VICE-ORDINARY.

The petitioner is the executrix of the will of her husband,
Thomas W. Bracher. Franklin M. Olds drew the will of her
husband. After it was executed he was directed by the testator
to place it in the safe in the New York office of the Varriant
Manufacturing Company. Instead of doing so he retained the
will, and also took from the office of said company certain docu-
ments belonging to the testator, giving a receipt therefor, pre-
sumably to the company. Three days after he received the
latter papers the testator died.

Mr. Olds refuses to deliver the will to the petitioner, and as
to the aforesaid petition had filed in this court an answer setting
up that he has a lien on all the papers of the testator in his
possession, including the will, for the payment of a variety of
services, the character of which he sets out in his answer. He
also says that he has taken, and placed these papers out of the
limits of this state.

Assuming that the petitioner has the right to present the will
for probate in this court, I am of the opinion that the citation

should go to the respondent, directing him to produce the will, that it may be lodged with the registrar of this court for the purpose of being proved. It has been the constant practice of the prerogative court to order all testamentary papers to be brought in when their presence is required. *Killican* v. *Parker, Lee Ecl. Rep. 662; 1 Wms. Ex. (Perkins' ed.) 358.* Any person who has the will in his custody may be compelled to exhibit the same. *1 Wms. Ex. 356; Rice Prob. L. & Prac. 45.*

Nor do I think that the contention of the respondent that he has a lien upon this will for the payment of professional services, rendered to the deceased testator, is an answer to this petition.

Without any discussion in respect to the peculiar possession of the papers, upon which the lien is claimed, I will observe that it would be a curious condition of affairs if an attorney could practically defeat the probate of a will by its retention until a bill against a testator is paid, when there can be no one to pay the bill on behalf of the estate, until the will was proved, and there can be no one with whom the amount due can be litigated. Such judicial sentiment as has been expressed upon this subject is against the existence of a right to withhold a will from probate, upon the ground that its possessor has a lien for professional services. *1 Wms. Ex. 358; Georges* v. *Georges, 18 Ves. 294; Balch* v. *Symes, 1 Turn. & R. 87; Ex parte Law, 2 Ad. & E. 45.*

If, therefore, this court has the right to entertain jurisdiction over the matter of the probate of this instrument, the monition asked for should go. I think that the petitioner has the right to present the will to this court, and ask for probate of the original instrument.

The power of this court to grant letters upon original foreign wills was established in *Ex parte Coursen, 3 Gr. Ch. 408.*

It is entirely clear that the testator had property in this state at the time of his death.

I will advise the issuance of the citation.